**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**
**WESTERN DIVISION**

| | |
|---|---|
| NHIAL BILIEW,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | No. C23-4043-LTS-KEM<br>(Crim. No. CR21-4034-LTS)<br><br>**MEMORANDUM OPINION AND ORDER** |

## *I. INTRODUCTION*

Nhial Biliew has filed a pro se amended motion (Doc. 5) to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. In an initial review order (Doc. 8), I dismissed several of Biliew's claims but I allowed two claims of ineffective assistance of counsel to proceed. Specifically:

> [In] Claim 1, he asserts ineffective assistance of counsel during plea negotiations, including failure to provide full discovery to Biliew or allow him to participate in discovery, failure to adequately inform him of the Government's case, failure to formulate defenses, and failure to file any pre-trial motions. Doc. 5 at 4-5. In Claim 2, Biliew asserts ineffective assistance of counsel during the "penalty phase," including failure to request an evidentiary hearing after the Government filed two superseding indictments, failure to challenge the evidence used to obtain the superseding indictments, failure to present significant mitigating evidence, failure to object to the sentencing court's failure to address 18 U.S.C. § 3553(a) factors and failure to object to not advising Biliew of potential immigration consequences. *Id*. at 6-7.

Doc. 8 at 8. I directed Biliew's former counsel to respond to Biliew's allegations, which he has (Doc. 8), and the Government to respond, which it has (Doc. 12). Instead of filing a reply, Biliew filed a motion (Doc. 15) to appoint counsel. On August 20, 2026,

I entered an order (Doc. 17) denying that motion but giving Biliew an additional 30 days to file his reply. He did not do so.

## *II. BACKGROUND*

On March 21, 2022, Biliew signed a Rule 11(c)(1)(C) plea agreement under which he agreed to plead guilty to one count of interference with commerce by robbery, in violation of 18 U.S.C. § 1951, arising from a robbery of a Country Store in 2020. Crim. Doc. 50. In exchange, the Government agreed to dismiss the remaining four counts, which alleged use of a firearm in the 2020 robbery, possessing a firearm with an obliterated serial number and a separate robbery with a firearm in 2019. *Id.* The parties agreed to a 204-month sentence with 36 months of supervision to follow. *Id.* at 5. In a change of plea hearing, Chief United States Magistrate Judge Kelly K.E. Mahoney apprised Biliew of his rights he would be waiving and the consequences of pleading guilty, finding that Biliew entered the plea knowingly, voluntarily and intelligently. Crim. Doc. 49.

At Biliew's sentencing, I questioned the parties about the plea agreement, noting that the 204-month sentence would be significantly above the guideline range. The Government answered that 204 months would be the mandatory minimum sentence if it could prove all indicted conduct. Biliew's counsel explained that the Country Store robbery was on video, making it difficult to contest that charge. Although the other robbery was more contestable, proceeding to trial risked a guideline range of 282 to 301 months if the jury found Biliew guilty on all counts. Biliew's counsel also noted that evidence of the Country Store robbery could have negative spillover effects on the jury's consideration of the 2019 robbery. Based on the parties' explanations, and my independent review of the relevant sentencing factors, I accepted the Rule 11(c)(1)(C) plea agreement and therefore sentenced Biliew to 204 months' imprisonment, to be followed by 36 months of supervision. Crim. Doc. 62.

## *III. DISCUSSION*

A prisoner in custody under a federal sentence may move the sentencing court to vacate, set aside or correct a sentence. *See* 28 U.S.C. § 2255(a). To obtain relief pursuant to § 2255, a federal prisoner must establish:

> [T]hat the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

*Id.*; *see also* Rule 1 of the Rules Governing § 2255 Proceedings (specifying the scope of § 2255). If any ground is established, the court must "vacate and set the judgment aside and . . . discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). Evidentiary hearings on § 2255 motions "are preferred, and the general rule is that a hearing is necessary prior to the motion's disposition if a factual dispute exists." *United States v. Sellner*, 773 F.3d 927, 929 (8th Cir. 2014). They are not necessary, however, when "(1) the movant's allegations, accepted as true, would not entitle the movant to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Buster v. United States*, 447 F.3d 1130, 1132 (8th Cir. 2006) (cleaned up)).

Biliew argues that his sentence is tainted by unconstitutionally defective counsel in violation of the Sixth Amendment's guarantee. *See Strickland v. Washington*, 466 U.S. 668, 685–86 (1984). A defendant who claims to have been deprived of effective assistance of counsel must show that: (1) his counsel's representation fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for such errors, the results of the proceeding would have been different. *Id.* at 688, 694; *see also Padilla v. Kentucky*, 559 U.S. 356, 371 (2010) ("Surmounting *Strickland*'s high bar is never an easy task."). Respecting deficient performance, courts "indulge a strong

presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and cannot judge counsel's performance through "the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. When a defendant has foregone trial by pleading guilty, prejudice can be established "by demonstrating a 'reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Lee v United States*, 582 U.S. 357, 364–65 (2017) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). When the decision to go to trial turns on the prospects of success, the defendant must "show that he would have been better off going to trial." *Id.* at 365 (citing *Premo v. Moore*, 562 U.S. 115, 118 (2011)). When the trial decision is based on other considerations, however, prejudice can take other forms. *Id.* at 366.

Biliew's claims can be reduced to two overarching themes—counsel failed to fully apprise him of discovery and failed to perform adequately at sentencing. Neither argument establishes the requisite deficient performance or prejudice to sustain an ineffective assistance of counsel claim.

Biliew's current complaints about how his attorney handled discovery contradict his sworn statements at his change-of-plea hearing, the terms of his plea agreement and his trial counsel's declaration. At the hearing, Biliew represented to Judge Mahoney that he was satisfied with his counsel's work, did not challenge his counsel's representations and agreed that they had discussed all possible defenses. *See* Crim. Doc. 69 at 8, 34, 36–37. The plea agreement includes Biliew's representation that he "does not have any complaints at this time about the effectiveness of [his] attorney." Crim. Doc. 50 at 12. Finally, counsel's declaration indicates that he met with Biliew multiple times regarding discovery and that Biliew independently exhibited a solid grasp of the discovery against him. *See generally* Doc. 9. Even if I ignored these contradictions, Biliew would not be

entitled to relief because he does not establish any semblance of prejudice resulting from his attorney's purported discovery failures.[1]

Biliew also contends that his trial counsel "failed to present significant mitigating evidence into [the] record pertaining to movant[']s refugee status and upbringing," "failed to object to no mention of [§] 3553(a) factors at sentencing" and "[f]ailed to object to no advisement of potential Immigration Consequences." Doc. 5 at 7. These complaints also fall far short. Regarding the § 3553(a) factors, Biliew agreed to a fixed sentence and was advised of his rights during the change of plea hearing. At sentencing, the attorneys explained the factors and litigation risks that caused them to agree on the length of the sentence. Crim. Doc. 66 at 5-9. In deciding to accept the agreement, I noted that I had reviewed "the docket, the charging information and the information in the presentence report." *Id*. at 10. The fact that Biliew's counsel did not engage in a lengthy discussion of the § 3553(a) factors is not surprising in this context. Both attorneys succeeded in accomplishing the parties' joint goal of convincing the court to accept their plea agreement. Biliew has not shown deficient performance or prejudice in connection with his counsel's arguments during the sentencing hearing.

As to Biliew's claim that he did not understand the immigration consequences before pleading guilty, that is flatly contradicted by the record. Biliew affirmed under oath that he had talked with his lawyer "about the potential consequences and impact that pleading guilty to th[e] offense may have from an immigration perspective," before entering his plea. Crim. Doc. 69 at 14, 19. Similarly, the plea agreement itself, in one

[1] To the extent Biliew argues that his alleged lack of understanding of the Government's discovery file rendered his plea unknowing, I disagree. "[T]he law ordinarily considers a waiver knowing, intelligent, and sufficiently aware if the defendant fully understands the nature of the right and how it would likely apply *in general* in the circumstances—even though the defendant may not know the *specific detailed* consequences of invoking it." *United States v. Ruiz*, 536 U.S. 622, 629 (2002). Having been appraised of his right to a trial multiple times, Biliew agreed to waive that right and accept the plea agreement. Importantly, Biliew concedes counsel did share discovery—just in a way Biliew disliked. That does not render Biliew's decision to plead guilty unknowing.

of the many paragraphs he initialed, informs him that pleading guilty "may adversely impact the outcome of any pending or subsequent immigration proceedings." Crim. Doc. 50 at ¶ 7.

Biliew has failed to establish that his trial counsel was deficient and has failed to show that any claimed deficiencies caused prejudice. His § 2255 motion must therefore be denied.

## *IV. CERTIFICATE OF APPEALABILITY*

"Unless a circuit judge or district judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a proceeding under section 2255." 28 U.S.C. § 2253(c)(1)(B); *accord Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003). A certificate may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing," in turn, is a demonstration "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Having thoroughly reviewed the record in this case, I find that Biliew has failed to make the requisite "substantial showing" with respect to any of the claims raised in his § 2255 motion. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). As such, a certificate of appealability will not issue. If Biliew desires further review of his § 2255 motion, then he may request issuance of the certificate of appealability by a judge of the Eighth Circuit Court of Appeals in accordance with *Tiedeman v. Benson*, 122 F.3d 518, 520–22 (8th Cir. 1997).

## *V. CONCLUSION*

For the reasons set forth herein:

1. Nhial Biliew's remaining claims of ineffective assistance of counsel are **denied.**

2. Because this order resolves all remaining claims in Biliew's amended motion (Doc. 5) to vacate, set aside or correct sentence under 28 U.S.C. § 2255, this action is hereby **dismissed with prejudice**.

3. A certificate of appealability will not issue regarding Biliew's § 2255 motion. If Biliew desires further review, then he may request the issuance of a certificate of appealability by a judge of the Eighth Circuit Court of Appeals in accordance with *Tiedeman v. Benson*, 122 F.3d 518, 520–22 (8th Cir. 1997).

**IT IS SO ORDERED** this 22nd day of September, 2026.



Leonard T. Strand
United States District Judge